UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **MABEL ARREDONDO**, | § | |
| *Plaintiff*, | § § § | |
| v. | § § | |
| **MONETARY INQUISITION GROUP,** | § | EP-22-CV-00236-DCG |
| **LLC,** *d/b/a Freedom Loan Resolution Services, a California Limited Liability Company*, **and DAVID CHUNG**, | § § § § | |
| *Defendants.* | § § | |

# ORDER

The Court's docket reflects that Plaintiff Mabel Arredondo served Defendants Monetary Inquisition Group, LLC and David Chung with process on July 20, 2022. ECF Nos. 6 & 7. Defendants' deadline to respond to Plaintiff's complaint therefore expired on August 10, 2022. *See* FED. R. CIV. P. 12(a)(1)(A) (providing, with exceptions not relevant here, that "[a] defendant must serve an answer" or otherwise respond to a complaint "within 21 days after being served with the summons and complaint"). Defendants did not answer Plaintiff's complaint, move to dismiss Plaintiff's claims, move to extend the deadline to respond, or take any other action in this case by that date.

Federal Rule of Civil Procedure 55(a) provides: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."[1] Although nearly two weeks

---

[1] Because Plaintiff is *pro se*, the Court emphasizes that asking the Clerk to enter a *default* under Federal Rule of Civil Procedure 55*(a)* is not the same as moving for a default *judgment* under Federal Rule of Civil Procedure 55*(b)*. A party may not move for a default judgment under Rule 55(b) until *after* the Clerk has entered a default under Rule 55(a). *See, e.g.*, *Thomas v. Quantum Cmty. Dev. Corp.*, No. 16-11954, 2016 WL 9403991, at *1 (E.D. Mich. July 13, 2016).

have passed since Defendants missed their deadline to respond to Plaintiff's complaint, Plaintiff has not yet filed a request, accompanied by an affidavit or other appropriate document, asking the Clerk of Court to enter a default against Defendants.  To ensure that this case does not languish on the Court's docket, the Court enters this Order to encourage Plaintiff to keep the case moving forward.

*   *   *

The Court thus **WARNS** Plaintiff Mabel Arredondo that if she does not take one of the following actions by **September 5, 2022**:

(1) File a request that the Clerk enter a default against Defendants Monetary Inquisition Group, LLC and David Chung that is accompanied by an affidavit or other appropriate document that satisfies Federal Rule of Civil Procedure 55(a); or

(2) Take some other action to push this case toward its resolution;

the Court may consider dismissing this case for want of prosecution.

The Court **DIRECTS** the Clerk to mail a copy of this Order to the following recipients:

Mabel Arredondo
9328 Lait Drive
El Paso, TX 79925

Monetary Inquisition Group, LLC
d/b/a Freedom Loan Resolution Services
Attn: David Chung
14351 Myford Rd.
Suite 214
Tustin, CA 92780

**So ORDERED and SIGNED this 22nd day of August 2022.**

_____
**DAVID C. GUADERRAMA
UNITED STATES DISTRICT JUDGE**