UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **MABEL ARREDONDO**, | § | |
| | § | |
| *Plaintiff,* | § | |
| **v.** | § | |
| | § | |
| **MONETARY INQUISITION GROUP,** | § | **EP-22-CV-00236-DCG** |
| **LLC,** *d/b/a Freedom Loan Resolution* | § | |
| *Services, a California Limited Liability* | § | |
| *Company*, **and DAVID CHUNG**, | § | |
| | § | |
| *Defendants.* | § | |

## MEMORANDUM OPINION AND ORDER ACCEPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION IN PART AND REJECTING IT IN PART

*Pro se* Plaintiff Mabel Arredondo has asked the Court[1] to enter a default judgment against Defendants Monetary Inquisition Group, LLC ("MIG")[2] and David Chung, whom Plaintiff alleges is MIG's "Chief Executive Officer, manager, and agent for service of process." Mot. Default J., ECF No. 20; Compl., ECF No. 1, at 1.[3]  The Court referred Plaintiff's Motion to U.S. Magistrate Judge Leon Schydlower for a Report and Recommendation.  Referral Order, ECF No. 25; *see also* 28 U.S.C. § 636(b)(1)(B); W.D. Tex. L.R. App'x C.  Judge Schydlower recommends that this Court

(1)    deny Plaintiff's Motion;

(2)    vacate the Clerk's Entry of Default;

---

[1] As an earlier order explains, the Court reconstrued Plaintiff's request that the *Clerk of Court* enter a default judgment against Defendants under Federal Rule of Civil Procedure 55(b)*(1)* as a motion for the *Court* to enter a default judgment under Rule 55(b)*(2)*.  *See* Referral Order, ECF No. 25.

[2] *d/b/a* Freedom Loan Resolution Services, A California Limited Liability Company.

[3] Page numbers in this Memorandum Opinion and Order refer to the pagination assigned by the Court's CM/ECF system, not the document's internal pagination.

(3)     declare that Plaintiff's attempt to serve Chung with process was invalid; and

(4)     give Plaintiff 30 days to validly serve Chung.

R. & R., ECF No. 29.

The Court agrees with Judge Schydlower's recommendation to deny Plaintiff's Motion and vacate the Clerk's Entry of Default.  However, the Court respectfully disagrees with Judge Schydlower's conclusion that Plaintiff's attempt to serve Chung was invalid on its face.  To that extent, the Court **ACCEPTS** Judge Schydlower's Report and Recommendation in part and **REJECTS** it in part.  *See* 28 U.S.C. § 636(b)(1).

As the Court explains below, the main reason why the Court is denying the Motion is because Plaintiff asked the Clerk of Court to sign a proposed "Entry of Default" that contained errors significant enough to render the default fatally defective.  Because this is not the first time Plaintiff's mistakes have caused this Court to needlessly expend its limited time denying a procedurally defective motion, the Court **WARNS** Plaintiff to take greater care when drafting and filing documents in this case—or, for that matter, in any case.  If Plaintiff does not do so, the Court will consider sanctioning her.

## I.     BACKGROUND

Plaintiff accuses Defendants of violating the Telephone Consumer Protection Act ("TCPA") and the Texas Business & Commerce Code.  *See generally* Compl.

Plaintiff filed a document purporting to prove that she served MIG in California by substituted service on July 20, 2022.  *See* MIG Summons Returned Executed, ECF No. 6.[4]

---

[4] *See also* FED. R. CIV. P. 4(h)(1)(A) (specifying that a plaintiff in a federal lawsuit may generally serve an unincorporated association in a U.S. judicial district "in the manner prescribed by Rule 4(e)(1) for serving an individual"); FED. R. CIV. P. 4(e)(1) (authorizing a plaintiff to serve an individual in a U.S. judicial district by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state . . . where service is made"—here, California); CAL. CIV. PROC. CODE § 415.20(a) (governing substituted service on corporations and certain other types of defendants); *Vasic v. Patent*

Assuming that Plaintiff validly served MIG,[5] such service became effective on August 1, 2022.[6] MIG's deadline to answer or otherwise respond to Plaintiff's complaint therefore expired on August 22, 2022.[7]  MIG did not do so.  Nor has MIG appeared or taken any action in this case since that date.

Plaintiff likewise filed a document purporting to prove that she served Chung by substituted service on July 20, 2022.  Chung Summons Returned Executed, ECF No. 7.[8]

_____

*Health, L.L.C.*, No. 13cv849, 2013 WL 12076475, at *2 (S.D. Cal. Nov. 26, 2013) (confirming that CAL. CIV. PROC. CODE § 415.20(a) applies to limited liability companies like MIG, not just corporations).

[5] Judge Schydlower concluded in his Report and Recommendation that, at least as far as Plaintiff's Proof of Service reveals, Plaintiff's attempt to serve MIG was valid.  *See* R. & R. at 3.

[6] *See* CAL. CIV. PROC. CODE § 415.20(a) (providing that substituted service "is deemed complete on the 10th day after the" plaintiff "mail[s] a copy of the summons and of the complaint by first-class mail . . . to the person served at the place where a copy of the summons and complaint were left"); MIG Summons Returned Executed (indicating that plaintiff's process server mailed a copy of the summons and complaint on June 20, 2022).

Ten days from June 20, 2022 is June 30, 2022.  Because that date was a Saturday, service became effective the following workday, August 1, 2022.  *See* FED. R. CIV. P. 6(a)(1)(C) ("[I]nclude the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday."); *see also United States v. Wilson*, No. 1:22-mc-20, 2022 WL 17093457, at *4 (D.N.M. Nov. 21, 2022) (indicating that FED. R. CIV. P. 6(a)(1)(C)'s timing rules apply to CAL. CIV. PROC. CODE § 415.20's 10-day period after mailing).

[7] *See* FED. R. CIV. P. 12(a)(1)(A) (providing, with exceptions not relevant here, that "[a] defendant must serve an answer" or otherwise respond to a complaint "within 21 days after being served with the summons and complaint").

In an earlier Order, the Court erroneously stated that "Defendants' deadline to respond to Plaintiff's complaint . . . expired on August *10*, 2022"—which was 21 days after Plaintiff's process server *left a copy* of the summons and complaint at MIG's putative office.  *See* Order, ECF No. 8 (emphasis added).  Since then, the Court has familiarized itself with California law governing substituted service and learned that such service is not "deemed complete" until "the *10th day after*" the plaintiff mails a copy of the summons and complaint to the defendant.  CAL. CIV. PROC. CODE § 415.20(a)–(b) (emphasis added).

[8] *See also* CAL. CIV. PROC. CODE § 415.20(b) (governing substituted service on individual defendants).

Assuming such service was valid,[9] Chung's deadline to answer or otherwise respond to Plaintiff's complaint also expired on August 22, 2022.[10]  Chung did not respond then and has not appeared in this case since.

Plaintiff therefore asked the Clerk of Court to enter a default against both Defendants. Mot. Default, ECF No. 9.[11]  The proposed "Entry of Default" that Plaintiff submitted to the Clerk to sign, however, purported to enter default solely against an entity named "Premium Merchant Funding" that is not a party to this case.  *See* Proposed Entry Default, ECF No. 9-1 ("Therefore, upon request of the Plaintiff, default is hereby entered against *Defendant Premium Merchant Funding . . . .*" (emphasis added)).  Neither the Clerk's office nor this Court noticed Plaintiff's error, so the Clerk erroneously entered a default against "Premium Merchant Funding," rather than Defendants.  *See* Entry Default, ECF No. 12.

Plaintiff then asked the Court to enter a default judgment against Defendants.  *See* Mot. Default J.  Judge Schydlower recommends denying the Motion because "[a] court may not consider a default judgment motion against a defendant unless there is a valid entry of default against it."  R. & R. at 1.  Because the Entry of Default purports to enter a default against Premium Merchant Funding, and not either of the Defendants, Judge Schydlower concludes that

---

[9] The Court respectfully rejects Judge Schydlower's conclusion that Plaintiff's attempt to serve Chung was facially invalid below.

[10] *See* CAL. CIV. PROC. CODE § 415.20(b) ("Service of a summons in this manner is deemed complete on the 10th day after the mailing."); FED. R. CIV. P. 12(a)(1)(A); *see also supra* notes 6–7 and accompanying text.

[11] *See also, e.g.*, FED. R. CIV. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."); *Pipe Hitters Union, LLC v. Pipe Hitters Union MC, LLC*, No. 1:20-CV-167, 2020 WL 10692700, at *2 n.2 (W.D. Tex. Apr. 27, 2020) ("Default under Rule 55 is a two-step process: (1) the entry of default and (2) the subsequent entry of a default judgment.  An *entry of default* is what the clerk enters when the default is established by affidavit or otherwise.  After defendant's default has been entered, plaintiff may apply for a judgment based on such default.  This is a *default judgment*." (cleaned up)).

the Court cannot enter a default judgment against Defendants.  *Id.*  For the same reason, Judge

Schydlower recommends vacating the Entry of Default against Premium Merchant Funding.  *Id.*

at 3.

Judge Schydlower also maintains that the Court cannot enter a default judgment against

Chung because Plaintiff's attempt to serve him was invalid.  *Id.* at 2; *see also, e.g.*, *Rogers v.*

*Hartford Life & Accident Ins. Co.*, 167 F.3d 933, 940 (5th Cir. 1999) ("When a district court

lacks jurisdiction over a defendant because of improper service of process, the default judgment

is void.").  As Judge Schydlower observes,

> [t]he "Proof of Service" form for Chung, in his individual capacity, indicates that
> service was made on "JOHN DOE, PERSON IN CHARGE AT TIME OF
> SERVICE," at a California "business" address, who was a person "*apparently* in
> charge at the office or usual place of business of the person to be served."

R. & R. at 2 (quoting Chung Summons Returned Executed).  Judge Schydlower concludes that

Plaintiff's service attempt did not effectuate valid service under applicable law.  *Id.* at 2–3.  He

therefore recommends giving Plaintiff "30 days to effect proper service on David Chung in his

individual capacity."  *Id.* at 3.

After an initial attempt to serve Plaintiff with a copy of Judge Schydlower's Report and

Recommendation failed, *see* Returned Mail, ECF No. 32, the Court successfully served Plaintiff

with a copy on January 3, 2023, *see* Certified Mail Receipt, ECF No. 33.  Plaintiff's deadline to

object to the Report and Recommendation therefore expired on January 17, 2023.  *See* 28 U.S.C.

§ 636(b)(1) ("*Within fourteen days* after being served with a copy, any party may serve and file

written objections to such proposed findings and recommendations as provided by rules of

court." (emphasis added)); *see also* W.D. TEX. L.R. APP'X C Rule 4(b).  Plaintiff did not file any

objections by that date or since.

## II.    DISCUSSION

### A.    Standard of Review

Because Plaintiff did not object to Judge Schydlower's Report and Recommendation, this Court "will only review the Magistrate Judge's findings to determine if they are clearly erroneous or contrary to the law."  *See, e.g.*, *Costley v. Richardson*, No. W-14-CV-024, 2014 WL 12877371, at *1 (W.D. Tex. Aug. 5, 2014).

### B.    The Entry of Default is Fatally Defective

Judge Schydlower's conclusion that the putative "Entry of Default" was fatally defective because it was entered against a nonparty (rather than Defendants) is neither clearly erroneous nor contrary to law.  *See* FED. R. CIV. P. 55(a) ("When *a party* against whom a judgment for affirmative relief has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter *the party's* default." (emphasis added)); *cf.*, *e.g.*, *Thomas v. Quantum Cmty. Dev. Corp.*, No. 16-11954, 2016 WL 9403991, at *1 (E.D. Mich. July 13, 2016) ("Here, an entry of default judgment is not appropriate because there has been no Clerk's entry of default against the Defendants.").  The Court thus **ACCEPTS** Judge Schydlower's recommendation to vacate the Entry of Default and deny Plaintiff's request for a default judgment.  *See* FED. R. CIV. P. 55(c) (authorizing courts to "set aside an entry of default for good cause").

### C.    Plaintiff's Proof of Service Indicates That She Validly Served Chung

The Court respectfully disagrees, however, with Judge Schydlower's conclusion that Plaintiff's attempt to serve Chung was facially invalid.  *See* R. & R. at 2–3.

Subject to exceptions not relevant here, Federal Rule of Civil Procedure 4(e) lists various ways a plaintiff may validly serve "an individual" in "a judicial district of the United States."

FED. R. CIV. P. 4(e).  One way—and the way that's dispositive here—is by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state . . . where service is made"—here, California.  FED. R. CIV. P. 4(e)(1).

California law establishes several "methods by which service of an individual may be accomplished without a court's intervention."  *E.g.*, *Ewing v. Isaac*, No. 22-CV-1009, 2022 WL 17254757, at *4 (S.D. Cal. Nov. 28, 2022).  One such method—and the only method relevant here—is "substituted service."  *See, e.g.*, *Johnson v. Rousseau Elmendorf LLC*, No. 21-cv-06980, 2022 WL 783894, at *2 (N.D. Cal. Mar. 15, 2022).  Subject to various preconditions discussed below, a plaintiff may serve an individual defendant by substituted service by "leaving a copy of the summons and complaint at the person's . . . usual place of business . . . in the presence of . . . a person apparently in charge of [the defendant's] office [or] place of business" who is "at least 18 years of age" and informing that person "of the contents thereof."  CAL. CIV. PROC. CODE § 415.20(b).

A plaintiff may resort to substituted service only "[i]f a copy of the summons and complaint cannot with reasonable diligence be personally delivered to" the defendant.  *Id.*  The plaintiff bears the burden to prove that she exercised reasonable diligence in attempting to serve the defendant personally before attempting substituted service.  *E.g.*, *Johnson*, 2022 WL 783894, at *2.  "In general, two or three attempts at personal service" before attempting substituted service "qualifies as reasonable diligence."  *E.g.*, *Medina v. Villanueva*, No. CV 22-5285, 2022 WL 17097024, at *2 (C.D. Cal. Nov. 21, 2022) (cleaned up).  "But each case must be judged on its own facts, and no single formula nor mode of search can be said to constitute due diligence in every case."  *E.g.*, *Johnson*, 2022 WL 783894, at *2 (cleaned up).

To complete substituted service, the plaintiff must also send the recipient another copy of the summons and complaint *via* first-class mail.[12]  Substituted service is "deemed complete on the 10th day after the mailing."  CAL. CIV. PROC. CODE § 415.20(b).

Here, Plaintiff's process server purported to serve Chung by leaving the summons and Plaintiff's Complaint with an unidentified person "at least 18 years of age apparently in charge at" a location purported to be Chung's "office or usual place of business."  Chung Summons Returned Executed at 1.  Judge Schydlower concluded that this attempt did not satisfy California's "reasonable diligence" requirement because Plaintiff's "proof of service document does not reflect any prior attempts to personally serve Chung before effecting substitute service."  R. & R. at 2–3.

The Court respectfully disagrees.  Plaintiff's process server attached to the Proof of Service a "Declaration of Diligence," signed "under penalty of perjury," indicating that he tried to personally serve Chung at his putative office twice before attempting substituted service.  Chung Summons Returned Executed at 2.  Even though Plaintiff's process server made both of those personal service attempts during regular business hours,[13] each time the office's doors were locked and no one responded to him.  The Court therefore concludes—at least on the existing record—that those two prior service attempts satisfied California's reasonable diligence requirement.  *See, e.g.*, *Medina*, 2022 WL 17097024, at *2.

---

[12] CAL. CIV. PROC. CODE § 415.20(b) (stating that the plaintiff must "thereafter mail[] a copy of the summons and of the complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left").

[13] *Compare Johnson*, 2022 WL 783894, at *2–3 (concluding that the plaintiff "did not exercise reasonable diligence in attempting to personally serve" the defendant where none of his process server's three attempts occurred "in the middle of the workday"), *with* Chung Summons Returned Executed at 2 (indicating that the process server made two "Unsuccessful Attempts" at 10:47 am on July 12, 2022 and 3:00 pm on July 15, 2022).

At least as far as the Plaintiff's Proof of Service reveals, Plaintiff satisfied the other

prerequisites for substituted service as well.  The Proof of Service states that the location at

which the process server left the summons and complaint is Chung's "office or usual place of

business."[14]  Plaintiff alleges in her Complaint that Chung is MIG's "Chief Executive Officer,

manager, and agent for service of process."  Compl. at 1.  MIG's business location was therefore

Chung's "usual place of business," and it was proper for Plaintiff to serve him there.[15]

The Proof of Service also states that the process server left the summons and complaint

with an unidentified 25-year-old man who was "apparently in charge at [Chung's] office or usual

place of business."[16]  The fact that the process server identified the recipient as "John Doe" does

not alone render the Proof of Service defective.[17]  The process server also swears under penalty

---

[14] *Compare* Chung Summons Returned Executed at 1, *with* CAL. CIV. PROC. CODE § 415.20(b) ("[A] summons may be served by leaving a copy of the summons and complaint at the person's . . . usual place of business . . . .").

[15] *See, e.g.*, *Com. J. Recovery Fund 1 LLC v. A2Z Plating Co.*, No. SACV 11-0572, 2011 WL 2941029, at *4 (C.D. Cal. July 15, 2011) ("[T]he conceded fact that Mr. Sheth was the CEO of Cambridge Inn at the time of service is sufficient to establish that Cambridge Inn was Mr. Sheth's 'usual place of business' as defined in . . . California Code of Civil Procedure, § 415.20(b) . . . . The Court finds that Plaintiff properly served Mr. Sheth through substitute service."); *Piper, Inc. v. Pavlyukovskyy*, No. 20-cv-03663, 2020 WL 6868831, at *5–6 (N.D. Cal. Nov. 23, 2020) ("Piper contends that Pavlyukovskyy is the founder and Chief Executive Officer of My Creativity Box, making the offices of My Creativity Box his 'usual place of business' . . . . Substitute service on Pavlyukovskyy was proper under California law, and consequently under Rule 4(e).").

[16] *Compare* Chung Summons Returned Executed at 1, *with* CAL. CIV. PROC. CODE § 415.20(b) ("[A] summons may be served by leaving a copy of the summons and complaint . . . in the presence of . . . a person apparently in charge of [the defendant's] office [or] place of business . . . [who is] at least 18 years of age . . . ."), *and Pao v. Lee*, No. CV 13-6421, 2013 WL 12203046, at *2 (C.D. Cal. Oct. 21, 2013) (holding that a litigant's "process server's affidavit adequately describe[d] John Doe as a person 'apparently in charge'").

[17] *Compare* Chung Summons Returned Executed at 1, *with, e.g.*, *J & J Sports Prods., Inc. v. Barksdale*, No. CIV S-11-2994, 2012 WL 1353903, at *4–5 (E.D. Cal. Apr. 3, 2012), *report and recommendation adopted by* 2012 WL 2376284 (E.D. Cal. June 22, 2012) ("[T]he process server effectuated substituted service . . . by leaving the service papers in the presence of John Doe, an adult with a specified physical description, who was apparently in charge, but refused to provide his name . . . . The mere fact that the service documents were left with an unidentified adult is not fatal to the service, because courts have recognized that persons in apparent charge of businesses often refuse to

of perjury that he "informed [the recipient] of the general nature of the papers."[18]  Finally, the

Proof of Service states that the process server "thereafter mailed (by first-class, postage prepaid)

copies of the documents to the person to be served at the place where copies were left."[19]

Thus, in the absence of any countervailing evidence that Plaintiff did not validly

effectuate substituted service, the Court concludes that Plaintiff properly served Chung with

process.  The Court respectfully **REJECTS** the Report and Recommendation to the extent it's

inconsistent with that conclusion.  The Court will therefore not order Plaintiff to re-serve Chung

before filing a corrected request that the Clerk of Court enter a default against Chung and MIG.

Only after the Clerk enters a procedurally proper default against Chung and MIG will the Court

consider any renewed motion to enter a default judgment against them.

### D.    Warning to Plaintiff

Because Plaintiff did not proofread her proposed Entry of Default before filing it to make

sure it listed the proper parties to this litigation, this Court and Judge Schydlower have

needlessly expended our scarce time and resources on a procedurally defective motion.  The

apparent explanation for Plaintiff's mistake is that she is using filings from other TCPA cases as

---

provide their names for purposes of service, and that it is an accepted practice to name such a person by a fictitious name or by description . . . . [T]he court finds that defendant Thompson was properly served with process . . . .").

[18] *Compare* Chung Summons Returned Executed at 1, *with* CAL. CIV. PROC. CODE § 415.20(b) (requiring that the recipient "be informed of the contents" of the summons and complaint).

[19] *Compare* Chung Summons Returned Executed at 1, *with* CAL. CIV. PROC. CODE § 415.20(b) (specifying that, after "leaving a copy of the summons and complaint at the [defendant]'s . . . usual place of business," the plaintiff must "mail[] a copy of the summons and of the complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left").

templates for her own, but failing to replace the case-specific details in those filings with the correct names and figures.[20]

This is not the first time Plaintiff's failure to proofread her filings has led this Court to deny one of her motions as procedurally defective. The Court denied Plaintiff's previous request for a default judgment because it was impossible to "reverse-engineer how [Plaintiff] calculated th[e] damages" she requested. 1st Order Denying Mot. Default J., ECF No. 17, at 3–5. For example, even though Plaintiff averred in her affidavit supporting her earlier default judgment request and in her Complaint that "Defendants sent Plaintiff *12* unauthorized calls" that allegedly violated the TCPA, Plaintiff sought statutory damages based on *16* violations of the TCPA. *Id.* at 4. As far as the Court can tell, Plaintiff made that error because she copied text from an affidavit from another case alleging 16 TCPA violations without replacing the number of alleged violations she seeks to remedy here.[21]

More troublingly, this is not the first case in which Plaintiff has asked the Clerk to enter a default against a nonparty. Last year, Plaintiff filed a different TCPA lawsuit against a single

---

[20] *Compare* Proposed Entry Default, *Callier v. Premium Merchant Funding One, LLC*, No. 3:22-cv-00223 (W.D. Tex. Aug. 12, 2022), ECF No. 4-3, *with* Proposed Entry Default (evidently using the former document as a template, but failing to remove the request that the Clerk enter default "against Defendant Premium Merchant Funding").

*See also* Aff. in Support Request Entry Default, *Callier v. Premium Merchant Funding One, LLC*, No. 3:22-cv-00223 (W.D. Tex. Aug. 12, 2022), ECF No. 4-2, at 2 (indicating that Plaintiff notarized Mr. Callier's affidavit in support of his request that the Clerk enter a default against Premium Merchant Funding).

[21] *Compare* Aff. Support Request Default J., *Callier v. Creative Cap. Sols., LLC*, No. 3:20-CV-00291 (W.D. Tex. June 11, 2021), ECF No. 11-2 (seeking "$500 in statutory damages for each of 16 § 227(b) violations pursuant to 47 U.S.C. § 227(b)(3)(B)" and "$500 in statutory damages for each of 16 § 227(c) violations pursuant to 47 U.S.C. § 227(c)(5)(B)"), *with* Aff. Support 1st Mot. Default J., ECF No. 14-2 (copying this language verbatim, including the reference to "16 . . . violations").

defendant: National Tax Advisory Services, LLC.[22]  She then asked the Clerk to enter a default

against not only National, but also a nonparty named Matthew Levy whom Plaintiff did not

mention in her Complaint.[23]  Because Plaintiff's request "include[d] a defendant not listed on the

complaint," the Clerk struck it as deficient.[24]  Plaintiff then sought—and the Clerk entered—a

default against National alone.[25]  Nonetheless, Plaintiff then asked the Court to enter a default

judgment against both National and Levy.[26]  The Clerk struck that motion as deficient for the

same reason.[27]

   Federal lawsuits are serious matters with significant potential financial consequences for

defendants.  TCPA suits aren't supposed to be a way plaintiffs can collect free money just by

filling in blanks on a form.  Plaintiff must take more care when preparing and filing documents

in this (or any) Court.  Although Plaintiff is *pro se*, that does not excuse her from her obligation

to follow applicable rules and procedures.  *E.g.*, *EEOC v. Simbaki, Ltd.*, 767 F.3d 475, 484 (5th

Cir. 2014) (noting the "general requirement that pro se parties follow the rules of federal court").

---

[22] Compl., *Arredondo v. Nat'l Tax Advisory Servs., LLC*, No. 3:22-cv-00277 (W.D. Tex. Aug. 15, 2022), ECF No. 1 [hereinafter *Nat'l* Compl.].

[23] *Compare* Proposed Entry of Default, *Arredondo v. Nat'l Tax Advisory Servs., LLC*, No. 3:22-cv-00277 (W.D. Tex. Oct. 3, 2022), ECF No. 4-3 ("[D]efault is hereby entered against Defendant National Tax Advisory Services, LLC, *and Matthew Levy* . . . ." (emphasis added)), *with Nat'l* Compl. at 1–19.

[24] *See* Deficiency Notice, *Arredondo v. Nat'l Tax Advisory Servs., LLC*, No. 3:22-cv-00277 (W.D. Tex. Oct. 13, 2022), ECF No. 6.

[25] *See, e.g.*, Entry Default, *Arredondo v. Nat'l Tax Advisory Servs., LLC*, No. 3:22-cv-00277 (W.D. Tex. Oct. 17, 2022), ECF No. 11.

[26] *See* Mot. Default J., *Arredondo v. Nat'l Tax Advisory Servs., LLC*, No. 3:22-cv-00277 (W.D. Tex. Oct. 24, 2022), ECF No. 14 ("Plaintiff Mabel Arredondo requests that the Clerk of Court enter Judgment by Default against Defendants NATIONAL TAX ADVISORY SERVICES, LLC *and MATTHEW LEVY* pursuant to Federal Rule of Civil Procedure 55(b)(1)." (emphasis added)).

[27] *See* Deficiency Notice, *Arredondo v. Nat'l Tax Advisory Servs., LLC*, No. 3:22-cv-00277 (W.D. Tex. Oct. 24, 2022), ECF No. 15 ("Document includes a defendant not listed on the complaint.").

If Plaintiff continues to file procedurally defective requests, motions that copy documents from other cases without changing the case-specific names and details, or demands for relief against non-parties, the Court will consider imposing sanctions.

### III.    CONCLUSION

The Court accordingly **ACCEPTS** the "Report and Recommendation of the Magistrate Judge" (ECF No. 29) in part and **REJECTS** it in part.

The Court **DENIES** Plaintiff's "Request for Entry of Default Judgment for Sum Certain" (ECF No. 20).

The Court further **VACATES** the Clerk of Court's "Entry of Default" (ECF No. 12) against "Premium Merchant Funding."  Plaintiff may file a renewed, corrected request that the Clerk enter a default against Defendants Monetary Inquisition Group, LLC *d/b/a* Freedom Loan Resolution Services, A California Limited Liability Company and David Chung if she complies with all applicable laws, including Federal Rule of Civil Procedure 55(a).

The Court **ADMONISHES** Plaintiff to take greater care when drafting and filing documents in this case and any other case Plaintiff may pursue in this or any other Court.  The Court **WARNS** Plaintiff that, if she does not, this Court will consider imposing sanctions against her.

Finally, the Court **DIRECTS** the Clerk to mail this Order to the following recipients:

Mabel Arredondo
9328 Lait Drive
El Paso, TX 79925

Monetary Inquisition Group, LLC
d/b/a Freedom Loan Resolution Services
14351 Myford Rd.
Suite 214
Tustin, CA 92780

David Chung
14351 Myford Rd.
Suite 214
Tustin, CA 92780

Monetary Inquisition Group, LLC
d/b/a Freedom Loan Resolution Services
7700 Irvine Center Drive 760
Irvine, CA 92618

David Chung
7700 Irvine Center Drive 760
Irvine, CA 92618

**So ORDERED and SIGNED this 26th day of January 2023.**

**DAVID C. GUADERRAMA**
**UNITED STATES DISTRICT JUDGE**