## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## EL PASO DIVISION

| | | |
|---|---|---|
| **MABEL ARREDONDO**, | § | |
| | § | |
| *Plaintiff*, | § | |
| **v.** | § | |
| | § | |
| **MONETARY INQUISITION GROUP,** | § | **EP-22-CV-00236-DCG** |
| **LLC,** *d/b/a Freedom Loan Resolution* | § | |
| *Services, a California Limited Liability* | § | |
| *Company*, and **DAVID CHUNG**, | § | |
| | § | |
| *Defendants*. | § | |

## ORDER DISMISSING CASE

*Pro se* Plaintiff Mabel Arredondo has repeatedly exhibited unwillingness to obey this Court's orders, follow applicable procedures, and push this case toward its ultimate resolution. The Court therefore **DISMISSES** the above-captioned case **WITH PREJUDICE** under Federal Rule of Civil Procedure 41(b) for failure to prosecute and for failure to comply with the Court's orders and rules.

## I.      BACKGROUND

Plaintiff alleges that Defendants Monetary Inquisition Group, LLC ("MIG")[1] and David Chung violated the Telephone Consumer Protection Act ("TCPA") and the Texas Business & Commerce Code by transmitting 12 allegedly unlawful calls and text messages to her cell phone. Compl., ECF No. 1, at 5, 8–9.[2]

Plaintiff filed this lawsuit on July 8, 2022, *see id.* at 24, and she served Defendants on August 1, 2022, Order Denying 2d Mot. Default J., ECF No. 34, at 3.  Defendants failed to

---

[1] *d/b/a* Freedom Loan Resolution Services, a California Limited Liability Company.

[2] Page citations in this Order refer to the page numbers assigned by the Court's CM/ECF system, not the document's internal pagination.

answer or otherwise respond to Plaintiff's Complaint by the applicable deadline.  Order Denying 2d Mot. Default J. at 3–4.

The Court potentially could have resolved this case in Plaintiff's favor many months ago had Plaintiff followed this Court's orders and the applicable rules for obtaining a default judgment.  As detailed below, however, Plaintiff repeatedly filed procedurally noncompliant requests for relief.

### A.      Plaintiff's First Default Request

To obtain a default judgment against a defendant that fails to answer or otherwise defend itself against a plaintiff's complaint, the plaintiff must take two steps.  *See, e.g.*, *Green v. Gamez*, No. 16-CV-01159, 2017 WL 5761608, at *1 (W.D. Tex. Nov. 28, 2017).  The first step is to file a request, accompanied by an affidavit or other supporting documentation, that the Clerk of Court enter a default against the defendant.  FED. R. CIV. P. 55(a); *see also, e.g.*, *Green*, 2017 WL 5761608, at *1.

Plaintiff tried to complete that initial step on August 19, 2022, when she asked the Clerk to enter a default.  1st Default Req., ECF No. 9.  However, the Proposed Entry of Default that Plaintiff asked the Clerk to sign purported to enter a default against an entity named "Premium Merchant Funding" that is not a party to this case.  1st Proposed Entry Default, ECF No. 9-1; *see also* Order Denying 2d Mot. Default J. at 4.  Neither the Clerk's office nor this Court noticed Plaintiff's error, so the Clerk erroneously entered a default against Premium Merchant Funding rather than Defendants.  *See* Entry Default, ECF No. 12; *see also* Order Denying 2d Mot. Default J. at 4.

**B.      Plaintiff's First Default Judgment Request**

Plaintiff then tried to take the second step in the process—namely, asking the Court to

enter a default judgment in her favor.  *See* 1st Mot. Default J., ECF No. 14; *see also* FED. R. CIV.

P. 55(b).  Plaintiff's default judgment request, however, "suffer[ed] from multiple defects,"

namely:

> (1)      "The proposed default judgment that Plaintiff asked the Clerk to sign
> purport[ed] to award Plaintiff two inconsistent dollar amounts;"
>
> (2)      Although Plaintiff alleged that Defendants sent her 12 unlawful calls and
> messages, she inexplicably sought damages for 16 alleged TCPA violations;
> and
>
> (3)      It was impossible to "reverse-engineer how [Plaintiff] calculated" the
> damages she requested.

Order Denying 1st Mot. Default J., ECF No. 17, at 3–5.  The Court therefore denied Plaintiff's

First Default Judgment Motion without prejudice and gave Plaintiff an opportunity to "file a

corrected application for a default judgment."  *Id.* at 6.

**C.      Plaintiff's Second Default Judgment Request**

Plaintiff renewed her default judgment application on September 29, 2022.  2d Mot.

Default J., ECF No. 20.  It wasn't until then that the Court noticed it had erroneously entered a

default against a non-party at Plaintiff's behest.  Order Denying 2d Mot. Default J. at 4–6.  The

Court therefore vacated the putative entry of default against "Premium Merchant Funding" and

denied Plaintiff's Second Default Judgment Motion.  *Id.* at 6, 13.  However, the Court gave

Plaintiff another chance to "file a renewed, corrected request that the Clerk enter a default

against" the proper Defendants "if she complie[d] with all applicable laws."  *Id.* at 13.

The Court noted, however, that because Plaintiff "did not proofread her proposed Entry

of Default before filing it to make sure it listed the proper parties to this litigation, the Court" had

"needlessly expended [its] scarce time and resources on a procedurally defective motion" for the second time in this case. *Id.* at 10–11. The Court therefore "admonishe[d] Plaintiff to take greater care when drafting and filing documents" in these proceedings. *Id.* at 13 (emphasis omitted). The Court "warn[ed] Plaintiff that, if she d[id] not, the Court w[ould] consider imposing sanctions against her." *Id.* (emphasis omitted).

**D.     Plaintiff's Second Default Request**

Plaintiff received the Court's Order denying her Second Default Judgment Motion on February 3, 2023. *See* Certified Mail Receipt, ECF No. 37. Several weeks passed without Plaintiff taking any action to push this case toward its resolution. Notice, ECF No. 41, at 2. Thus, on February 22, 2023, the Court "warn[ed] Plaintiff that if she d[id] not file a corrected default request or take some other action in this case by March 9, 2023, the Court w[ould] consider dismissing th[is] case for want of prosecution." *Id.* (emphasis omitted).

Plaintiff filed a renewed default request on March 9, 2023. 2d Default Req., ECF No. 47. Like her First Default Request, however, Plaintiff's Second Default Request was fatally defective because "[t]he proposed Entry of Default that Plaintiff submitted for the Clerk's signature contain[ed] multiple errors." Order Denying 2d Default Req., ECF No. 49, at 1–2. Specifically, it

(1)     purported to enter a default against a nonexistent entity, as it misspelled MIG's name as "MONETARY *INQUISTION* [sic] GROUP, LLC, d/b/a *FREEDLOM* [sic] LOAN RESOLUTION SERVICES;"

(2)     erroneously stated "that the complaint was filed in this case on July 28, 2022," even though Plaintiff filed her Complaint on July 8th; and

(3)     erroneously stated "that the summons and complaint were duly served upon the Defendants on July 20, 2022, even though service didn't become effective . . . until August 1st."

- 4 -

*Id.* (cleaned up) (emphases omitted).  The Court therefore denied Plaintiff's Second Default Request and gave her "one more chance to file a proper request that the Clerk enter a default against Defendants."  *Id.* at 2.  The Court warned Plaintiff, however, that if she did not "file that corrected request by April 11, 2023," the Court would "consider dismissing this case for want of prosecution and/or for failure to comply with court orders."  *Id.* at 2 (emphasis omitted).  The Court also admonished Plaintiff "one last time that if she d[id] not take greater care when drafting and filing documents, the Court w[ould] consider imposing sanctions against her."  *Id.* at 3 (cleaned up).

The Court mailed Plaintiff that Order on March 27, 2023.  Certified Mailing, ECF No. 50.  According to the U.S. Postal Service's website, USPS attempted to deliver the Order to Plaintiff on March 29, 2023.  No authorized recipient was available, so USPS left Plaintiff a notice to either pick up the Order from a post office or arrange for redelivery.  Plaintiff did neither of those things.  Thus, April 11, 2023 came and went, and Plaintiff missed her third and final chance to file a procedurally compliant request that the Clerk enter a default against Defendants.

## II.     DISCUSSION

### A.     Applicable Law

Federal Rule of Civil Procedure 41(b) authorizes a district court to dismiss a case on its own motion for failure to prosecute or for failure to comply with court orders.  *Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018).  "This authority is based on the courts' power to manage and administer their own affairs to ensure the orderly and expeditious disposition of cases."  *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992) (cleaned up).

A court may not dismiss a case with prejudice under Rule 41(b) unless

> (1)     "there is a clear record of delay or contumacious conduct by the plaintiff;" and

> (2)     "the district court has expressly determined that lesser sanctions would not prompt more diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile."

*Id*.  "[W]here a plaintiff has failed only to comply with a *few* court orders or rules," there is "no clear record of delay or contumacious conduct," but such a record may exist where the plaintiff "has failed to comply with *several* court orders or court rules."  *Id*. at 1191 n.6 (emphasis added). Finally, dismissal with prejudice is generally unwarranted unless "at least one of three aggravating factors" are present:

> (1)     "delay caused by the plaintiff h[er]self and not h[er] attorney;"

> (2)     "actual prejudice to the defendant;" or

> (3)     "delay caused by intentional conduct."

*Id*. at 1191 (cleaned up).

## B.     Clear Record of Delay or Contumacious Conduct

A "clear record of delay or contumacious conduct" exists here because Plaintiff "has failed to comply with several"—rather than merely a few—"court orders or court rules."  *See id*. at 1191 n.6.  As discussed, Plaintiff

> (1)     filed four applications for defaults or default judgments that the Court denied as procedurally defective;[3]

> (2)     missed her last chance "to file a proper request that the Clerk enter a default against Defendants"—even though the Court warned her that it would "consider dismissing this case for want of prosecution and/or for failure to comply with court orders" if she did not file a renewed, corrected request "by April 11, 2023;"[4] and

---

[3] *See supra* Section I.A–D.

[4] Order Denying 2d Default Req. at 2.

    (3)     continued to file requests for relief that contained numerous errors and inaccuracies even after the Court warned her that if she did not "take greater care when drafting and filing documents in this case," the Court would "consider imposing sanctions against her."[5]

Although the Court acknowledges that Plaintiff is *pro se*, that does not excuse her from the obligation to follow the Federal Rules of Civil Procedure and obey court orders.  *See, e.g.*, *EEOC v. Simbaki, Ltd.*, 767 F.3d 475, 484 (5th Cir. 2014).  Thus, Plaintiff's numerous failures to comply with the Court's rulings support dismissal with prejudice.

## C.    Lesser Sanctions Would Not Prompt More Diligent Prosecution

The Court expressly finds that a sanction less severe than dismissal with prejudice would not prompt Plaintiff to prosecute this case more diligently.  *See, e.g.*, *Campbell v. Wilkinson*, 988 F.3d 798, 802 (5th Cir. 2021) (reversing Rule 41(b) dismissal where district court did not "expressly determine[] that lesser sanctions would not prompt diligent prosecution").  The Court warned Plaintiff three times before today that it would consider either sanctioning her or dismissing her lawsuit if she didn't litigate this case more attentively.[6]  Those warnings didn't spur Plaintiff to comply with this Court's orders or the applicable law.  *See generally* Section I.A–D; *cf. Tello v. Comm'r of Internal Revenue*, 410 F.3d 743, 744 (5th Cir. 2005) (affirming dismissal of case for failure to prosecute where, among other things, the plaintiff "ignored

---

[5] Order Denying 2d Mot. Default J. at 13.

[6] *See* Order Denying 2d Mot. Default J. at 13 ("If Plaintiff continues to file procedurally defective requests, motions that copy documents from other cases without changing the case-specific names and details, or demands for relief against non-parties, the Court will consider imposing sanctions."); Notice at 2 ("The Court . . . warns Plaintiff that if she does not file a corrected default request or take some other action in this case by March 9, 2023, the Court will consider dismissing the case for want of prosecution." (emphasis omitted)); Order Denying 2d Default Req. at 2–3 ("The Court will give Plaintiff one more chance to file a proper request that the Clerk enter a default against Defendants.  Plaintiff must file that corrected request by April 11, 2023.  If she does not, the Court will consider dismissing this case for want of prosecution and/or for failure to comply with court orders." (emphasis omitted)).

numerous threats of sanctions, including of dismissal").  The Court is therefore confident that if it doesn't dismiss this case with prejudice, the case will keep languishing on the docket while Plaintiff files more procedurally defective requests for relief and misses more deadlines.

**D.      Aggravating Factors**

Finally, one of the three aforementioned aggravating factors are present.  Specifically, all the delays in this case are attributable to Plaintiff rather than an attorney, because Plaintiff is litigating this case *pro se*.  *See Berry*, 975 F.2d at 1191.  Dismissing this case with prejudice would therefore not punish an innocent client for an attorney's inaction or inattention.

## III.     CONCLUSION

The Court therefore **DISMISSES** this case **WITH PREJUDICE** under Federal Rule of Civil Procedure 41(b) for want of prosecution and for Plaintiff's persistent failure to comply with court orders.

The Court **CLOSES** the case.

The Court will separately issue a Final Judgment under Federal Rule of Civil Procedure 58(b)(1)(C).

Finally, the Court **DIRECTS** the Clerk to mail this Order to the following recipients:

Mabel Arredondo
9328 Lait Drive
El Paso, TX 79925

Monetary Inquisition Group, LLC
d/b/a Freedom Loan Resolution Services
14351 Myford Rd.
Suite 214
Tustin, CA 92780

David Chung
14351 Myford Rd.
Suite 214
Tustin, CA 92780

Monetary Inquisition Group, LLC
d/b/a Freedom Loan Resolution Services
7700 Irvine Center Drive 760
Irvine, CA 92618

David Chung
7700 Irvine Center Drive 760
Irvine, CA 92618

**So ORDERED and SIGNED this 13th day of April 2023.**

**DAVID C. GUADERRAMA**
**UNITED STATES DISTRICT JUDGE**